IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIENNE D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02654-BT |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Adrienne D.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. *See* Compl., ECF No. 1. For the reasons explained below, the Court ORDERS that the Commissioner's decision is REVERSED, and this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**Background**

Plaintiff alleges that she is disabled due to bipolar disorder, manic depression, and anxiety. Admin. R. 258, ECF No. 10-1.[2] Plaintiff was born in 1980,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the record refer to the CM/ECF page number at the top of each page rather than page numbers at the bottom of each filing.

and she alleges that she has been disabled since October 29, 2019. Admin. R. 254. Plaintiff has a high school education and also completed some college. Admin. R. 259. She has past relevant work experience as a dispatch supervisor and customer complaint clerk. Admin. R. 101.

Plaintiff applied for disability insurance benefits on July 16, 2020. Admin. R. 92. Her claim was denied initially and on reconsideration. Admin. R. 72, 88. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephonic administrative hearing on March 1, 2022.[3] Admin. R. 23-62.

The ALJ found Plaintiff was not disabled from October 29, 2019, her alleged disability onset date, through the date of his decision, and thus not entitled to disability benefits. Admin. R. 93. Utilizing the five-step sequential evaluation,[4] the

---

[3] Because of the extraordinary circumstances presented by the COVID-19 pandemic, the ALJ was unable to conduct the hearing by video.

[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

ALJ first found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Admin. R. 94. At the second step, the ALJ found that Plaintiff suffered from the severe mental impairments of "bipolar disorder II, general anxiety disorder; insomnia; and panic disorder," which "significantly limit [her] ability to perform basic work activities." Admin. R. 94, 95. The ALJ further found that Plaintiff's severe mental impairments caused moderate limitations in "understanding, remembering, or applying information"; "interacting with others"; "concentrating, persisting or maintaining pace"; and "adapting or managing oneself." Admin. R. 95-96. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment in appendix 1 of the social security regulations. Admin. R. 95-96.

Before proceeding to the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC)

> to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can understand, remember, and carry out simple tasks but not at an assembly line rate; can make simple work-related decisions; can have occasional work-related interactions with co-workers, supervisors, and the general public; and can have occasional changes in the work setting.

Admin. R. 96.

Relying on the testimony of a vocational expert (VE), at step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. Admin. R. 101-102. At step five, the ALJ found that Plaintiff could perform other

substantial gainful activity such as cleaner II, industrial cleaner, and lab equipment cleaner, and that such jobs existed in significant numbers in the national economy. Admin. R. 102. Therefore, the ALJ found that Plaintiff had not been under a disability, as defined by the Social Security Act, and was not entitled to benefits. Admin. R. 103.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 5. The Appeals Council denied Plaintiff's request for review. Admin. R. 5-8. On November 28, 2022, Plaintiff filed this action for review of the Commissioner's decision.

## Legal Standard

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its

own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—that the Appeals Council failed to properly consider new and material medical opinion evidence from Plaintiff's treating psychiatrist, Dr. Raj Shiwach. *See* Pl.'s Br. 16-17, ECF No. 17; Pl.'s Reply Br. 2-4, ECF No. 19.

The ALJ issued his written decision on March 29, 2022, finding that Plaintiff "had not been under a disability" at any point from October 29, 2019, through the date of his decision, and thus was not entitled to disability benefits. Admin. R. 103. In reaching his decision, as part of his consideration and evaluation of all medical opinions, *see* 20 C.F.R. § 404.1527(c), the ALJ evaluated the persuasiveness of the mental assessments of the state agency psychological consultants and the medical opinions of Dr. Shiwach, who had submitted treatment records, progress notes, and a Medical Source Statement (MSS) dated February 16, 2022. Admin R. 100-101; Admin R. 474-478. In his MSS, Dr. Shiwach opined that Plaintiff is unable to understand or carry out detailed or complex instructions; that it is unknown whether she could understand or carry out simple one-to-two step instructions; that she cannot interact appropriately with supervisors or coworkers; that she can occasionally interact with the public; that she cannot sustain concentration and persistence; that she would be off task 21 or more percent of the day; and that she would be unable to maintain pace. Admin. R. 475-78. Dr. Shiwach explained that he based his conclusions on mental status exam findings that Plaintiff is "depressed [and] anxious, highly labile, [and has] uncontrollable tearfulness, poor focus and concentration, difficulty making decision, impulsiveness, anergia, avolition, mania at times." Admin. R. 475.

The ALJ found that Dr. Shiwach's opinions in the MSS were "not well-supported" because the Dr. Shiwach did "not provide any explanation for why [Plaintiff] would be unable to interact and respond appropriately to coworkers or

6

supervisors, despite being specifically asked what mental status examinations support his findings regarding her ability to socialize." Admin. R. 101 (citing *id.* at 476). In addition, referring to Dr. Shiwach's progress notes and treatment records, the ALJ stated that "Dr. Shiwach's opinion that the claimant could not have any interaction with supervisors and coworkers is also inconsistent with the evidence as a whole, since she has generally been cooperative upon examination." Admin. R. 101 (citations omitted). Further, he questioned Dr. Shiwach's statement that Plaintiff is unable to concentrate for longer than five minutes, finding it was "inconsistent with the claimant's treatment records, which ha[ve] shown her to be attentive on many occasions." Admin. R. 101 (citations omitted).

Following the ALJ's adverse decision, on April 19, 2022, Dr. Shiwach completed a clarifying MSS ("Clarifying MSS"). Admin. R. 11-14. In it, Dr. Shiwach provided the information and explanations that the ALJ found missing from the MSS, a factor leading to the ALJ's finding that Dr. Shiwach's opinion was unpersuasive. *See* Admin. R. 101. Among other things, Dr. Shiwach explained in the Clarifying MSS that Plaintiff's "mood lability prevents her from interacting with others appropriately." Admin. R. 12. And, responding to the ALJ's finding that his medical opinion concerning Plaintiff's inability to concentrate was "inconsistent" with his treatment records showing "her to be attentive on many occasions[,"] *see* Admin. R. 101, Dr. Shiwach explained what "attentive" in psychiatric sessions meant, namely, "doing her best to follow her own train of thought even though she has to be redirected often in session, which is also stated

7

multiple times in the notes." Admin. R. 13 (original emphasis). Similarly, with respect to the ALJ's finding that Dr. Shiwach's opinion concerning Plaintiff's social limitations was "inconsistent" based on his treatment records stating that she was "cooperative upon examination[,]" *see* Admin. R. 101, Dr. Shiwach explained, "[c]ooperative in session simply means communicative and willing to hear feedback." Admin. R. 13. Finally, he opined that Plaintiff's behavior in a psychiatric session would not be the same as in a work environment because she "is in a non-stressful, supportive environment during her appointments that does not require her to accomplish tasks or follow set work requirements. It is entirely different than a work environment where she has to constantly focus AS WELL AS keep her emotions under control." Admin. R. 13 (original emphasis).

Plaintiff's counsel submitted Dr. Shiwach's Clarifying MSS to the Appeals Council on April 21, 2022. Admin. R. 11. But the Appeals Council did not acknowledge receiving this evidence or list it as an exhibit. Rather, the Appeals Council acknowledged receiving Dr. Shiwach's original MSS dated February 16, 2022 and declined the request for review, finding the evidence was unlikely to change the outcome of the decision. Admin. R. 6.

Plaintiff argues that the Appeals Council failed to properly consider the new and material medical opinion evidence from Dr. Shiwach. *See* Pl.'s Br. 16-17; Pl.'s Reply Br. 2-4. According to Plaintiff, Dr. Shiwach's Clarifying MSS, in which he provides the explanations the ALJ found lacking and explains the meaning of "attentive" and "cooperative" in a psychiatric setting, is "significant," and "no fact

finder has made findings regarding Dr. Shiwach's explanation or attempted to reconcile these statements with other conflicting and supporting evidence. That calls for remand." Pl.'s Reply Br. 3 (citations and internal punctuation omitted).

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. 20 C.F.R. § 404.970(b). "Newly submitted evidence is material only if (1) it relates to the period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination." *Micho H. v. Kijakazi*, 2022 WL 1750050, at *3 (N.D. Tex. May 12, 2022) (Rutherford, J.) (citing *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994)), *adopted by* 2022 WL 1747944 (N.D. Tex. May 31, 2022); *see also King v. Colvin*, 2013 WL 6162965, at *3 (N.D. Tex. Nov. 22, 2013) (Horan, J.) (observing that while numerous cases erroneously use the term "reasonable probability," the materiality standard is one of reasonable "possibility" rather than "probability").

New evidence submitted to the Appeals Council, along with the denial of a request for review, becomes part of the record upon which the Commissioner's decision is based. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The district court must examine all the evidence, including the new evidence, to determine whether the Commissioner's final decision to deny a claim is supported by substantial evidence. *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015). The court should remand the case only if the new evidence dilutes the record

9

to such an extent that the ALJ's decision becomes unsupported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006). However, "[a]though '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [is] necessary if it is unclear whether the [Appeals Council] evaluated the new evidence" at all. *Nejmeh v. Colvin*, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (Means, J.) (citing *Sun*, 793 F.3d at 512).

The Commissioner disputes that remand is required and argues that the ALJ properly explained why Dr. Shiwach's MSS was not persuasive. Def.'s Resp. Br. 9. Although the Commissioner does not challenge that the new information relates to the period for which the disability benefits were denied, she argues that Plaintiff's "attempt[] to cure the lack of support for the MSS" fails because "a claimant cannot attempt to circumvent the Commissioner's established procedures for review by constantly submitting new evidence *at the district court level.*" *Id.* (citing *Rains v. Sec'y of HHS*, 731 F. Supp. 778, 780 (E.D. Tex. 1989)) (emphasis added). As Plaintiff correctly notes in her reply brief, however, *Rains* is "inapposite since [she] submitted new evidence to the Commissioner's Appeals Counsel – not this Court." Pl.'s Reply Br. 2.

The opinions in Dr. Shiwach's Clarifying MSS are especially significant because they represent the opinion of the sole treating physician in the record and detail Plaintiff's work-related abilities. And, his opinions regarding Plaintiff's abilities to interact appropriately with co-workers, supervisors, and the general

public, as well as her ability to maintain focus, conflict with portions of the ALJ's RFC assessment. Given the significance of Dr. Shiwach's opinion on matters directly related to the ALJ's denial of benefits, the evidence provides a "reasonable possibility that it would have changed" the Commissioner's decision, and is, therefore, material. *Latham*, 36 F.3d at 483 (citation omitted).

Further, despite the significance of Dr. Shiwach's medical opinions and clarifications contained in his Clarifying MSS, "no fact finder has attempted to reconcile" them with the ALJ's findings. *See Nejmeh*, 2016 WL 642518, at *3. The Court may not evaluate Dr. Shiwach's assessment or determine the weight his opinion should be afforded in the first instance, as "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Sun*, 793 F.3d at 513 (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)).

Moreover, as noted above, while the Appeals Council does not need to provide a discussion of new evidence, "in some instances remand [may] be necessary if it is unclear whether the [Appeals Council] evaluated the new evidence." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 512). This is such an instance. Because the Appeals Council referred only to the original MSS (dated February 16, 2022), *see* Admin. R. 6, did not mention or discuss the Clarifying MSS (dated April 19, 2022), and did not list the Clarifying MSS as an exhibit, it is not clear to the Court whether the Appeals Council evaluated the conflicts the Court has identified. Thus, after considering the entire record, the

Court is not able to conclude that substantial evidence supports the final decision of the Commissioner.

The ALJ found that Plaintiff had the RFC to perform a full range of work in all exertional levels with the following nonexertional modifications: she can understand, remember, and carry out simple tasks but not at an assembly line rate; can make simple work-related decisions; can have occasional work-related interactions with co-workers, supervisors, and the general public; and can have occasional changes in the work setting. Admin. R. 96. Although it may ultimately be determined after remand that the decision was correct, the contents of Dr. Shiwach's Clarifying MSS are significant and create considerable uncertainty that has not been addressed or resolved by the fact-finder below. Therefore, this case will be remanded for further administrative review. *See Nejmeh*, 2016 WL 642518, at *2 (declining to accept magistrate judge's recommendation to affirm final decision of Commissioner where the district court was unable to determine whether the appeals council evaluated the new evidence).[5]

## Conclusion

For these reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

---

[5] Because the Court finds that this case should be remanded based on Plaintiff's new evidence argument, the Court pretermits consideration of Plaintiff's remaining grounds for reversal.

**SO ORDERED** this **24th** day of **October**, **2023**.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE